DARRYL PERRY#57875-037
FEDERAL PRISON CAMP
P. O. BOX 2000
LEWISBURG, PA. 17837

Case 1:18-cv-00870-CCC-CA   Document 1   Filed 04/23/18   Page 1 of 15

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF THE
STATE OF PENNSYLVANIA

DARRYL PERRY                          )
    PETITIONER                        )
                                      )
        V.                            )   AFFIRMATION IN SUPPORT OF
                                      )   MOTION FOR HEARING
DAVID J. EBBERT, WARDEN               )
FEDERAL PRISON CAMP(LEWISBURG, PA.)   )   CASE NO.
DR. EDINGER, M.D.                     )
FEDERAL PRISON CAMP(LEWISBURG, PA.)   )   1:18-CV-870
DR. CHRISTOPHER LEE, M.D.             )
FEDERAL PRISON CAMP(LEWISBURG, PA.)   )

**FILED**
HARRISBURG, PA

APR 23 2018

PER _____
                    DEPUTY CLERK

    I, DARRYL PERRY, am the Petitioner in reference to the above and affirm the following under penalties of perjury:

1) I am Darryl Perry presently incarcerated at Federal Prison Camp(Lewisburg).

2) On December 22, 2017, I filed an Informal Resolution Attempt#1604 in order to resolve a medical issue related to my health.

3) I have been diagnosed with Cardiomyopathy.

4) In June 2017, Cardiologist, Dr. Nadone, recommended to the Medical Staff here at Federal Prison Camp(Lewisburg), that placing me in the RDAP Housing area here at Federal Camp(Lewisburg) would be deterring from the appropriate treatment plan due to the fact I need to be housed in an air-conditioned facility as a result of my cardiovascular disease.

5) I am eligible to attend RDAP here at Federal Prison Camp(Lewisburg).

6) The RDAP building which houses RDAP participants iss not air-conditioned

7) The Medical Staff here at Federal Prison Camp(Lewisburg) have been Deliberately Indifferent to my medical needs in reference to Dr. Nadone's recommendation; I be placed in an air-conditioned RDAP Housing area.

8) I am in the process of exhausting my Administrative Remedies, however, all attempts have been futile. As a result my exhaustion attempts are unavailable.

9) As of the date of this Motion, I am awaiting a decision in reference to my BP-10 Appeal to the Regional Office.

10) As a result of the time frame and resolution of my medical needs issue, I an filing this Motion for Declaratory Judgement and Injunctive Relief in order to be eligible for the full benefits offered by RDAP.

11) I also am eligible to be placed in a RDAP facility such as Cumberland, Maryland due to the fact the aforementioned facility is appropriate for my medical needs and treatment plan as well as being close to my family.

12) In reference to Injunctive Relief, I am requesting an order refraining the Bureau of Prisons from transferring me from Federal Prison Camp (Lewisburg) until this Honorable Court settles this controversy.


    Wherefore, it is respectfully requested that this Court grant me, Darryl Perry, Petitioner, a hearing to determine if I am entitled to Injunctive Relief as well as Declaratory Judgement in the above-matter and for such other and further relief as this Court deems just and proper.


                                          Darryl Perry, Pro Se
                                               Petitioner

## INTRODUCTORY STATEMENT

I am filing this Motion pro se due to the fact that I am being denied access and/ or transfer to an RDAP facility(Federal Camp) that meets my medical needs as recommended by a cardiologist(Dr. Nadone). I arrived at the Lewisburg Federal Prison Camp, March 7, 2016. I am serving a 60 months sentence with a projected release date of March 8, 2020 via Good Conduct time.

I entered the Bureau of Prisons with several known serious medical conditions which are currently being treated by Health Services through the Bureau of Prisons. My medical conditions are hypertension, cardiomyopathy, congestive heart failure(hyperkinesis) with 35%-40% ejection fraction, sleep apnea, morbid obesity, and acid reflux(see attachments). I am currently taking the following medications: Asprin, Cardiovol Ernesto, CPAP Machine, and Omeprazol.

In reference to my medical background, I was diagnosed in 2012 having cardiomyopathy a.k.a. congestive heart failure and hypertension which were the reasons for the requested transfer(see attached letter from cardiologist, Dr. Nadone). Dr. Nadone expressly forbids me to be in excessive heat, which at a minimum, would aggravate both chest pains and cause difficulty in breathing and worst possibly create chest pains, angina, and a cardiac incident as well as potential organ failure or stroke.

On March 19, 2018, I visited Dr. Nadone for my quarterly evaluation and further testing that revealed ejection fraction now functioning closer to that of a normal adult male. However, there is no cure for congestive heart failure. Dr. Nadone advised that symptoms will continue and exist. Dr. Nadone further explained congestive heart failure is a "life time illness." As a result of my quarterly visit with Dr. Nadone, there were no changes in regards to my medications and all treatments and environmental assurances remained the same. Furthermore, it was recommended to exercise or walk gradually without excerting myself. On March 20, 2018, I was placed on a call-out with Dr. Lee. At

## INTRODUCTORY STATEMENT cont.

the meeting Dr. Lee and Dr. Edinger along with Nurse Craig were present.
The March 20th meeting began with a misleading suasion that suggested "did
not have to worry about my medical condition and my congestive heart failure was at
a recovering rate."

## ARGUMENT

Petitioner has motioned the court to proceed "forma pauperis.
Petitioner is currently incarcerated at a federal prison. Petitioner has pro-
vided an Affidavit in Support of Request to proceed forma pauperis. see
28 U.S.C.§1915(a)(1) subject to subsection(b): any court of the United States
may authorize the commencement, prosecution or defense of any suit, action or
proceeding, civil or criminal, or appeal therein, without prepayment of fees
or security therefor, by a person who submits affidavit that includes a
statement of all assests such[person] prisoner possess that the person is un-
able to pay such fees or give security therefor. Such Affidavit shall state
the nature of the action, defense or appeal and affiant belief that the per-
son is entitled to redress.

Petitioner is challenging the "conditions of his confinement" pursuant
to 28 U.S.C.§1343(a)(3) which states: the district courts shall have original
jurisdiction of any civil action authorized by law to be commenced by any per-
son: (3) to redress the deprivation, under color of any State law, statute,
ordinance, regulation, custom or usage, of any right, privilege or immunity
secured by the Constitution of the United States or by any Act of Congress
pending for equal rights of citizens or of all persons within the jurisdiction
of the United States. Moreover, Petitioner pursuant to 28 U.S.C.§2201 and
28 U.S.C.§1343 has motioned this Court to treat his Motion as a Writ of Habeas
Corpus due to the fact Petitioner is requesting extraordinary relief with
respect to his "conditions of confinement" see Preiser v. Rodriguez,
36 L.Ed 2d 139(1973).

## ARGUMENT cont.

Petitioner has "serious medical needs" which have not been fully adhered to by the medical staff here at Federal Prison Camp(Lewisburg). In determining the merit of claims of lack of medical treatment, the standard is whether "needed" as opposed to "desirable" medical treatment is being denied or whether there is obvious neglect or intentional mistreatment see 2017 U.S. Dist. LEXIS 139976: Ponzini v. PrimeCare Med., Inc:August 30, 2017 ( A serious medical need is one that has been diagnosed by a physician as a requiring treatment or one that is so obvious that a lay person would easily recognize necessity for a doctor's attention. If the delay or denial of adequate medical care results in the unnecessary and wanton infliction of pain, or cause an inmate to suffer a lifelong handicap or permanent loss, the medical need is serious).

Petitioner has cardiomyopathy; congestive heart failure(hyperkinesis), sleep apnea, morbid obesity and acid reflux(see exhibits 1a-w). Heart disease is currently the leading cause of death in the United States. It presents major health care problems, both medically and financially. The term "heart disease" encompasses a wide variety of cardiovascular disorders. These disorders may be either congenital or acquired, and may involve either the heart itself, such as septal defect or an abnormality of the valves, or the great vessels whin the thorax, such as blockage in a coronary artery. Most heart problems are discovered by general practiyoners and internist through blood tests, x-rays or electrocardiograms that are taken during routine physical examinations. Depending on the type of disorder, the primary care physician may begin treatment or he may refer patient to a cardiologist for further testing. The cardiologist must determine the scope of the disorder and develop an appropriate treatment program. Many cardiovascular problems can be successfully treated with medication. For example, anti-coagulant drugs can prevent the formation of blood clots or the enlargement of existing clots, thereby reducing the possibility of blockage of a major blood vessel. Other drugs can

## ARGUMENT cont.

increase the pumping power of the heart or control irregularities in the
heart beat. A few disorders, however, can be corrected only by surgery.see
Robinson v. Magovern, 521 F. Supp 842( 3d Cir. 1981)(A. DIAGNOSIS). As
Petitioner's exhibits 1a-w will reveal, Petitioner was referred to a
cardiologist which sent the medical staff at Federal Prison Camp(Lewisburg)
correspondence recommending Petitioner's appropriate treatment program as well
as correspondence be housed in an air-conditioned facility see exhibit 3D[
cardiologist, Dr. Nadone, correspondence to medical staff at Federal Prison
Camp(Lewisburg). According to Petitioner's Sentencing Transcripts, dated
January 6, 2016, Petitioner's defense counsel pointed out to the Sentencing
Court that Petitioner's cardiovascular functions could be managed with appro-
priate medical treatment( see exhibit A[Sentencing Transcripts]). On
March 19, 2018, Petitioner was seen by Dr. Nadone due to Petitioner's quarterly
scheduled meeting in reference to Petitioner's appropriate treatment program.
Petitioner was informed by Dr. Nadone that his cardiovascular system was con-
tinuously responding to the cardiologist's "appropriate treatment program."
However, due to Petitioner's congestive heart failure, Petitioner is aware
there is no cure for his condition; congestive heart failure. Dr. Nadone in-
formed Petitioner the symptoms of congestive heart failure may still occur
and same precribed medical care is the appropriate treatment program. As a
result of the above, Petitioner has satisfied the "needed" standard in deter-
mining lack of medical treatment as well as obvious negelect see Ponzini.
Thus, Petitioner pursuant to 28 U.S.C.§2201(a) is motioning this Court to
examine the undisputed facts, in regards to Petitioner's medical needs, and
care of treatment for his medical condition and by declaratory judgement as
provided in 28 U.S.C.§2201; determine in favor of Petitioner that the Bureau
of Prisons is obligated to rovide available medical treatment of the type
approved by recognized medical authority. In this instance the Bureau of
Prisons should be obligated to provide Petitioner with the opportunity to be

## ARGUMENT cont.

housed in an air-conditioned RDAP Housing area.

Petitioner's request for "injunctive relief" is a result of the quarterly meeting Petitioner had with Dr. Nadone. Petitioner's Primary Care Team, Dr. Edinger, Dr. Lee, and Nurse Craig gleaned information from Petitioner's quarterly meeting with Dr. Nadone and implicated Petitioner could be designate to Care Level 3 status. Whereby, Petitioner"s privilege to attend RDAP would be affected due to the fact a Care Level 3 inmate has no access to RDAP. As a result a designation to Care Level 3, would cause Petitioner to suffer irreparable harm. Furthermore, Petitioner has a high probability for success in regards to his civil action. Also, the designation to Care Level 3 would harm Petitiner more than the Bureau of Prisons. Finally, if the Petitioner is granted "injunctive relief," such relief would not have a negative impact on public. In lieu of the foregoing, Petitioner has satisfied the four requirements for "injunctive relief" in regards to this Court issuing a Temporary Restraining Order against Petitioner's Primary Care Team until this Court settles the controversy between Petitioner and the medical staff here at Federal Prison Camp(Lewisburg); transfer Petioner to an air-conditioned RDAP Housing area see Joseph v. Henry, 958 F. Supp 238 (3d Cir. 1997).

To decline Petitioner the right to be housed in an air-conditioned RDAP Housing area is a violation of Petitioner's Eightth Amendment Right to the United States Constitution. Petitioner's medical needs are afforded adequate medical care by the Eighth Amendment to the United States Constitution. The Eighth Amendment requires inmates be furnished with the basic needs, one of which is "reasonable safety" see DeShaney v. Winnebago County Dept. of Social Services; 103 L.Ed 2d 249(1989) and Youngberg v. Romeo, 73 L.Ed 2d 28(it is "cruel and unusual punishment to hold convicted criminals in unsafe conditions"). To state a cognizable Eighth Amendment claim for denial of medical care, a plantiff must allege facts sufficient to show that jail,officials were deliberately indifferent to a serious medical need. see

(9)

ARGUMENT cont.

Estelle v. Gamble, 50 L.Ed 2d 251(1976). Petitioner alleges two distnct elements upon which relief can be granted. Petitioner alleges sufficiently serious medical needs as a result of his medical criteria(please see exhibits 1a-1w). Petitioner further alleges deliberate indifference to his serious medical needs. In re Estelle v. Gamble 429 U.S. at 106 which states: Plantiff must allege deliberate indifference "by either actual intent or reckless disregard." As Petitioner's Administrative Remedies will reveal (see exhibits 2A-2K Petitioner's Administrative Remedies)and (exhibit 3A-3F Subjective Medical Info) Petitioner has demonstrated that Respondents' actions were so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness. Moreover due to Respondents failure to follow Petitioner's cardiologist's recommendation, that as part of Petitioner's appropriate treatment program, Petitioner be placed in an air-conditioned RDAP Housing area, has caused Petitioner harm see 2017 U.S. Dist. LEXIS 139976: Ponzini v. PrimeCare Med., Inc.: August 30, 2017(The deliberate indifference standard affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients, and courts must disavow any attempt to second guess the propriety or adequacy of their particular course of treatment so long as it remains a question of sound professional judgement.where a prisoner has received some amount of medical treatment,it is difficult to establish deliberate indifference, because prison officials are afforded considerable latitude in the diagnosis and treatment of prisoners. However, there are circumstances in which some care is provided yet it is insufficient to satisfy constitutional requirements. For example, prison medical personnel may not with deliberate indifference to the serious medical needs of the inmate, opt for an easier and less efficacious treatment of the inmate's condition. Nor may prison authorities deny reasonable requests for medical treatment when such denial exposes the inmate to undue suffering or the threat of tangible residual injury).(see exhibits 3A-3F and exhibits 4A-4J).

ARGUMENT cont.

Petitioner cannot participate in RDAP here at Federal Prison Camp(Lewisburg)
due to the hazard to his medical condition. Thus, Petitioner cannot benefit
from a Federal Program in which he is eligible to participate see
Maldonado v. Terhune, 28 F. Supp 2d 284(D. N.J. 1998)(to state a claim for the
the deprivation of medical care, a prisoner must allege deliberate indiffer-
ence to serious medical needs. In applying that test, a court considers such
factors as the severity of the medical problem, the potential for harm if the
medical care is denied or delayed and whether any such harm actually resulted
from the lack of medical attention) see also Farmer v. Brennan,128 L.Ed 2d at
837.

In regards to 28 U.S.C§2201(Declaratory Judgement), Petitioner has
motioned the court pursuant to the aforementioned statute due to the fact
that Respondents' inaction to Petitioner's medical need(placed in an air
conditioned RDAP Housing area) presents a clear and unambiguous violation of
constitutional rights afforded by the Eighth Amendment to the United States
Constitution; "reasonable safety" and being held in "unsafe conditions."
Also, Petitioner has shown from administrative remedy documents(see exhibits 2A-
2K Remedy) that he has sought equitable relief from the medical staff here at
Federal Prison Camp(Lewisburg). As a result, Petitioner's efforts were inade-
quate to prevent irreparable injury. Id at 128 L.Ed 2d at 837(to establish
deliberate indifference by a defendant, Farmer rejected an objective test for
deliberate indifference; instead it looked to what the prison official actu-
ally knew rather than what a reasonable official in his position should have
known. More specifically, the Court held that a "prison official cannot be
found liable under the 8th amendment for denying an inmate humane conditions
of confinement unless the official knows of and disregards an excessive risk
to inmate health or safety".))

ARGUMENT cont.

In reference to the foregoing, Petitioner's exhaustion of administrative remedies have been futile, see Susquehanna Valley Alliance v. Three Mile Island, 619 F.2d at 231 (where Congress has not given any clear indication, judge made rules, such as the requirement of exhaustion of administrative remedies, cannot affect the subject matter jurisdiction of the district courts, but affect only the timing, and in some cases the merits, of the claim for relief. Determining whether the judge-made rule requiring exhaustion of administrative remedies should be relied upon in a given instance to delay or deny a remedy otherwise available from a court requires a careful analysis of the statutory scheme relied on by the plantiff, of the completeness or incompleteness of remedies available from the agency of the presence or absence of harm pendente lite, and of the likely intention of Congress with respect to private enforcement) see also Small v. Camden County, 728 F.3d 265 (3d Cir. 2013)(Exhaustion is a question of law to be determined by a judge, even if that determination requires the resolution of disputed facts).

Since Petitioner is motioning this Court pursuant to a civil action, which requires exhaustion of administrative remediesaccording to 42 U.S.C.§1997(e)(a) which states: The exhaustion requirement hinges on the availability of administrative remedies: an inmate that is, must exhaust available remedies, but need not exhaust unavailable ones. Moreover, an adninistrative procedure is unavailable when(despite what regulations or guidance materials may promise) it operates as a simple dead end- with prison officers unable or consistently wnwilling to provide any relief to aggrieved inmates see Ross v. Blake, 195 L.Ed 2d 117(2016)(Although exhaustion was required, it remained to determine whether an administrative remedy was available to inmate). The exception to the exhaustion requirement is that a prisoner need not exhaust remedies if they are not "available." Petitioner satisfies the First Requirement of "unavailable administrative remedies." The First Requirement states: An administrative procedure is unavailable when it operates

## ARGUMENT cont.

as a dead end- with officers unable or consistently unwilling to provide
relief to aggrieved inmates. As Petitioner's BP-10 Form indicates(see exhibit
2A), Petitioner has filed two previous grievances; an Informal Resolution
and a BP-9 Form to the Warden of Federal Prison Camp(Lewisburg) with no satis-
factory results. As a result of the above, Petitioner has no obligation to
exhaust administrative remedy see Booth v. Churner,149 L.Ed 2d 958(an administ-
strative procedure is unavailable when[despite what regulations or guidance
materials may promise] it operates as a simple dead end-with officers unable
or consistently unwilling to provide any relief to aggrieved inmates).

Petitioner has satisfied the objective component of an Eighth Amendment
violation claim from his medical records(see exhibits 1a-1w   ) as well as
satisfying the subjective component in regards to Respondents knowing of
Petitioner's medical needs and not following Dr. Nadone's recommendation;
Petitioner be housed in an air-conditioned RDAP Housing area. Petitioner has
satisfied the deliberate indifference criteria. Whereby, Petitioner requests
this Court pursuant to 28 U.S.C.§2201 and 28 U.S.C.§1343 declare Petitioner
has a right to be in an air-conditioned RDAP Housing area and is eligible for
relief under U.S.C.§1343 due to the fact Petitioner is challenging the con-
ditions of his confinement. see Preiser v. Rodriguez, 36 L.Ed 2d 139(1973)

An inmate's initial designation will be made by the Designation and
Sentence Classification Center in Grand Prairie, Texas. The inmate is placed
on a waiting list to ensure they will be transferred to RDAP and are trans-
ferred for RDAP with sufficient time to complete the entire RDAP before their
release from Bureau custody, ordinarily at 24 months see Bureau of Prisons
Program Statement: Referral and Redesignation §2.5.5. Furthermore, inmates
are to be informed that they may be transferred to any suitable Bureau of
Prisons RDAP based on release date. The notification is included in the
Agreement to Participate for RDAP. Petitioner release date is 2020(see
attached Computation Data Sheet). Petitioner seeks a judgement for relief

(13)

ARGUMENTcoont.

pursuant to 28 U.S.C.§2201 and 28 U.S.C.§1343 see Bradshaw v. Carlson, 682 F.
2d 1050, 1052(3d Cir. 1981)(citing ex rel Marrero v. Warden, Lewisburg
Penitentiary , 483 F.2d 656, 659 (3d Cir. 1973) exhaustion is not required
when the issue "involves only statutory construction" because there is no need
for an agency to develop a factual record. The second and third goals of the
exhaustion doctrine are not served where the Respondent consistently opposed
the petitioner's statutory construction or legislative intent), Petitioner is
eligible for RDAP pursuant to 18 U.SC.§3621(e), however, unless Petitioner's
medical need is adhered to before exhaustion of administrative remedies,
Petitioner will not be able to benefit from RDAP see 2012 U.S. Dist. LEXIS:
34691㉞Coomer v. DeFilippo: March 14, 2012(Where prison authorities deny
reasonable requests for medical treatment, and such denial exposes inmate to
undue suffering or the threat of "tangible residual injury," deliberate in-
difference is manifest. Short of absolute denial, if necessary medical treat-
ment is delayed for non-medical reasons, a case of deliberate indifference
has been made out. Deliberate indifference is also evident where prison
officials erect arbitrary and burdensome procedures that result in intermi-
nable delays and outright denials of medical care to suffering inmates).
    The Bureau of Prisons Office of Medical Designation Transfer mission is
to effect the timely and efficient designation and movement of inmates with
health care needs. The OMDT determines which locations possess the required
healthacare resources while meeting community standards of medical care see
2016 U.S. Dist. LEXIS:83887:Njos v. Thomas:June 27, 2016. Due to the fact
Federal Prison Camp(Lewisburg) does not have adequate RDAP Housing to facili-
tate Petitioner's medical needs, Petitioner is entitled to be transferred to
Bureau of Prisons facility such as Cumberland, Md. that can accomodate
Petitioner's medical needs see 18:U.S.C.§3621(b) which states:In designating
the place of imprisonment or making transfers under this subsection, there
shall be no favoritism given to prisoners of high social or economic status.

## ARGUMENT cont.

The Bureau may at any time, having regards for the same matters, direct trans-
fer of a prisoner one penal or correctional facility to another. The Bureau
shall make available appropriate substance abuse treatment for each prisoner
the Bureau determines has a treatable condition of substance addiction or
or abuse see 2017 U.S. Dist. LEXIS:139976:Ponzini v. PrimeCare Med., Inc:
August 30, 2017.

In reference to the above, keeping Petitioner here at Federal Prison
Camp(Lewisburg) when confinement is equally and reasonably available at one
other prison where Petitioner can benefit from RDAP under least adverse
conditions, does not meet standards of duty required Respondents and Attorney
General in accordance with the continually developin principles of
18 U.S.C.§4042 as well as Eighth Amendment to the United States Constitution
forbidding cruel and unusual punishment. For the reasons mentioned herein,
exceptional circumstances exist in Petitioner's Motion rendering Declaratory
Judgement and Injunctive Relief. Transferring Petitioner to an air-conditoned
RDAP Housing area appears, under exceptional circumstances to constitute an
essential factor of the best reasonable available medical treatment needed.
Basically, transferring Petitioner to an air-conditioned RDAP Housing area
is a substantial element of the appropriate treatment plan recommended by
Dr. Nadone; Petitioner's cardiologist. As a result of the aforementioned,
Petitioner is entitled to be transferred to an air-conditioned RDAP Housing
area in accordance with 18 U.S.C.§3621(b) and 18 U.S.C§4042(a)(2)(In General.
The Bureau of Prisons under the direction of the Attorney General, shall
1) have charge of the management and regulation of all Federal and penal
as well as correctional institutions; 2) provide suitable quarters and pro-
vide for the safekeeping, care, and subsistence of all persons charged with
or convicted of offenses against the United States or held witness or other-
wise.

## CONCLUSION

In regards to the foregoing, Petitioner has shown Respondents Deliberate Indiffrence to his medical needs. Petitioner has satisfied the objective criteria by showing this Court by way of exhibits 1a-1w that he has a serious medical condition. Moreover, Petitioner has satisfied the subjective criteria of Deliberate Indifference due to the fact Dr. Edinger by way of Dr. Lee's diagnosis referred Petitioner to a cardiologist. As part of a appropriate treatment plan, Dr. Nadone recommended an air-conditioned RDAP Housing area. Respondents have ignored Dr. Nadone's recommendation and as a result violation of Petitioner's Eighth amendment Rights has occurred. Petitioner has attempted through administrative remedies to resolve his medical needs issue which proved futile (see exhibits 2A-2K)   Thus, Petitioner has satisfied the first criteria of an unavailable administrative remedy see 42 U.S.C.§1997(e)(a).

As a result of the above, Petitioner requests this Honorable Court pursuant to 28 U.S.C.§2201 determine that Petitioner is entitled to be transferred to an air-conditioned RDAP Housing area in the time frame that will allow Petitioner to benefit From RDAP. Petitioner also rquests this Honorable Court pursuant to 16 U.S.C.937i(e) issue a Temporary Restraining Order pertaining to Respondents until this Court resolves the controversy between Petitioner and Respondents.

DATED: _April 19, 2018_

Respectfully submitted

_Darryl Perry_

Darryl Perry Pro Se
Petitioner
Federal#57875-037
Federal Prison Camp
P.O. Box 2000
Lewisburg, Pa. 17837

TO: UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF THE
STATE OF PENNSYLVANIA
RONALD REGAN FEDERAL BUILDING
228 WALNUT ST.
HARRISBURG, PA. 17108-9998


DAVID J. EBBERT, WARDEN
FEDERAL PRISON CAMP
P.O. BOX 2000
LEWISBURG, PA. 17837


DATED: *April 19, 2018*
LEWISBURG, PA.

*Darryl Perry*
DARRYL PERRY
FEDERAL#57875-037
FEDERAL PRISON CAMP
P.O. BOX 2000
LEWISBURG, PA. 17837



## CERTIFICATE OF SERVICE

I, DARRYL PERRY, Petitioner in the above matter, affirms the
following under penalty of perjury, mailed a copy of this Motion to
the following:

DAVID J. EBBERT, WARDEN
FEDERAL PRISON CAMP
P.O. BOX 2000
LEWISBURG, PA. 17837

This being the address of record within the State of Pennsylvania
listed for service of the parties to the within action.

*Darryl Perry*
Darryl Perry, Pro Se
Petitioner

DATED: *April 19, 2018*

LEWISBURG, PA.